**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| TINA CHRISTINE ESQUIVEL, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:09CV172 SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Because movant currently has a direct appeal of her criminal conviction pending in the Eighth Circuit Court of Appeals, the Court will order movant to show cause why the motion should not be summarily dismissed.

## Background

On March 6, 2009, movant pleaded guilty to possession with intent to distribute 50 grams or more of a substance containing methamphetamine. 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii); 18 U.S.C. § 2(a). On September 11, 2009, the Court sentenced movant to twenty-four months imprisonment followed by three (3) years supervised release. On September 18, 2009, movant filed a direct appeal which is currently pending before the Eighth Circuit Court of Appeals.

On December 4, 2009, movant filed in the instant court a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Movant asserts two grounds for relief: prosecutorial misconduct and ineffective assistance of counsel.

## Legal Standard

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255.

"A defendant is entitled to a hearing on a § 2255 motion unless the motion, files, and record conclusively show that the defendant is not entitled to relief. United States v. Regenos, 405 F.3d 691, 694 (8th Cir.2005). "A § 2255 motion 'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact .'" Sanders v. United States, 341 F.3d 720, 722 (8th Cir.2003) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir.1995)).

## Discussion

Although there is no jurisdictional barrier to a district court entertaining a § 2255 motion while a direct appeal is pending, a court should only do so in extraordinary circumstances given the potential for conflict with the direct appeal. See United States v. Outen, 286 F.3d 622, 632 (2nd Cir. 2002); DeRango v. United States, 864 F.2d 520, 522 (7th Cir. 1988); United States v. Taylor, 648 F.3d 565, 572 (9th Cir. 1981); Womack v. United States, 395 F.2d 630, 631 (D.C. Cir. 1968); Masters v. Eide, 353 F.2d 517, 518 (8th Cir. 1965). Given that movant has argued in both her direct appeal and the instant case that her conviction should be overturned, it appears that there is great potential for conflict in this case. Thus, the Court believes that plaintiff's instant claims regarding effective assistance of counsel and prosecutorial misconduct are subject to dismissal without prejudice, with leave to refile such claims after the culmination of movant's direct appeal.

In light of this Court's findings, movant shall show cause, in writing and no later than thirty (30) days from the date of this Order, why her § 2255 motion should not be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing and **no later than thirty (30) days from the date of this Order**, why her § 2255 motion should not be dismissed without prejudice.

Dated this _7th_ day of December, 2009.


_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE